## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| RAHUL BHATTACHARJEE | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | No. _____ |
| | ) | |
| JEANNE MARIE CRAIG | ) | |
| | ) | |
| **Respondent.** | ) | |

## PETITION FOR RETURN OF THE CHILD TO PETITIONER

**The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. 9001 et seq.**

### I. Preamble

1.      This Petition is brought by Rahul Bhattacharjee ("Mr. Bhattacharjee" or "Petitioner"), to secure the return of his thirteen-year-old son, R.C. and his eleven-year-old son C.C. (the "Children"), who were, without Petitioner's consent or acquiescence, wrongfully removed from Singapore to the Eastern District of Missouri by Children's mother, Respondent Jeanne Marie Craig ("Ms. Craig" or "Respondent").

2.      This petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980[1] (hereinafter the "Hague Convention" or "Convention") and the International Child Abduction Remedies Act (hereinafter "ICARA") 22 U.S.C. § 9001.  The Convention came into effect in the United States on July 1, 1988 and was also ratified between the United States and Singapore on May 1, 2012.  A copy of the Hague Convention and ICARA are annexed hereto as **Exhibit A** and **B,** respectively.

---

[1]  T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10493 (1986), a copy of which is attached heretoto as Exhibit A.

3.      The Convention is a treaty between sovereign states, and theretofore entitled to the same weight and deference as the Constitution of the United States.

4.      The objects of the Convention are as follows: (1) to secure the immediate return of children wrongfully removed or wrongfully removed in any Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.  Convention, art. 1.

5.      The Hague Convention applies to cases in which one parent wrongfully removes and retains her or his child, who is under the age of sixteen (16) years, from the child's "habitual residence" in breach of the other parent's custodial rights, which were being exercised at the time of the wrongful retention of the child. Hague Convention, Art. 3.

6.      Petitioner respectfully requests that pursuant to Articles 1(a) and 12 of the Convention, this Court order that the subject Children be returned to Singapore, the Children's habitual residence.

## II.  Jurisdiction and Venue

7.      This Court has jurisdiction pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

8.      Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) because, upon information and belief, the Children and Respondent are residing at 859 Hollyridge Drive, Ballwin, Missouri 63011, in the Eastern District of Missouri; and because this case involves the removal and retention of children under the ages of sixteen from their habitual residence of Singapore to the United States of America.

## III.   History of the Case and Status of Petitioner and Child

9.      The parties are the parents of the subject Children.

10.     The parties were married in the United States on May 13, 2006.

2

11.     R.C. was born on June 14, 2008, in the United States.

12.     C.C. was born on January 10, 2010, in Singapore.

13.     After the parties' marriage, they resided in the United States until 2008 when, shortly after R.C.'s birth, the parties and R.C. all moved to Singapore. The parties and the Children have been residing exclusively in Singapore since 2008.

14.     Respondent moved out of the matrimonial home on April 21, 2014, and commenced divorce proceedings on April 25, 2014, in Singapore seeking to relocate with the Children to the United States. The parties mediated and subsequently withdrew their respective divorce proceedings on or about March 31, 2015.

15.     Petitioner commenced divorce proceedings in Singapore on May 5, 2015. The Singapore court set forth interim orders for the custody, care and control and access of the Children on March 8, 2016, which were amended on November 2, 2016. On June 7, 2018, Respondent filed an application to relocate with the Children to the United States.

16.     On September 21, 2020, the Singapore court issued a final judgment on various issues, including, but not limited to, custody of the Children and Respondent's application to relocate with the Children to the United States ("Singapore Custody Order"). A copy of the Judgment is annexed hereto as **Exhibit C**.

17.     Pursuant to the Singapore Custody Order, the parties have joint custody of the children by consent. *See Exhibit C* at ¶¶ 130, 132. Further, Respondent's application for relocation with the Children to the United States was denied. *See Exhibit C* at ¶ 188.

18.     As relevant here and as part of the Singapore Custody Order, Petitioner was directed to have unsupervised access to the Children every week during the school term from Thursday after school to Saturday at 8pm and on Mondays from 5pm to 8pm. *See Exhibit C* at ¶ 196. Further,

Petitioner was directed to have access for the first week of the Summer Break (after school on the last Friday of the school term until the next Saturday at 8pm).

19.      Both parties appealed the Singapore Custody Order but later voluntarily withdrew their appeal making the Singapore Custody Order final and in full force and effect.

20.      On or about May 13, 2021, Petitioner filed an application seeking, *inter alia,* a restraining order preventing Respondent from taking the Children out of Singapore during the 2021 Summer Break, scheduled for May 28, 2021, to August 9, 2021, due to travel difficulties related to COVID-19 and Respondent's recent history of parental alienation.  A hearing on Petitioner's application was scheduled for May 25, 2021.

21.      On May 19, 2021, Respondent took the Children and left Singapore for the United States.  According to the Custody Order, Petitioner was scheduled to have custody for summer break on May 28 to June 8, 2021.

22.      On May 23, 2021, Respondent submitted an affidavit in response to Petitioner's application, a copy of which is annexed hereto as **Exhibit D.**  In her affidavit, Respondent admits to taking the Children on May 19, 2021 (¶ 15) and recognized that there could be "potential legal repercussions" (¶ 16).

23.      Respondent states clearly in her affidavit that she "fully intend[s] on returning" to Singapore. *See Exhibit D* at ¶ 15.  She also mentions that Petitioner could have a block of time with the Children "when we all return to Singapore" and suggested "perhaps the [Petitioner] could have time with the children after our return from the USA instead." *See Exhibit D* at ¶¶ 10-11.

24.      Since Respondent has left Singapore for the United States, Petitioner has been deprived of his access rights in that he did not receive his scheduled periods of physical custody on May 20, 2021.

4

25.     Petitioner never consented to the Children being removed from Singapore or remaining in the United States as of May 19, 2021, nor to the denial of his scheduled periods of physical custody on May 20, 2021.

26.     The parties had agreed for the family to relocate to Singapore from the United States in 2008 and have made Singapore the family's home ever since.  The parties never shared an intent to abandon Singapore as the Children's home in favor of the United States.

27.     The Children are acclimatized, involved and integrated in all aspects of daily and cultural life in Singapore. The Children's presence in Singapore has a degree of settled purpose from the Children's perspectives.  The Children's schools and medical care are in Singapore. The Children participate in activities in Singapore, and attend play groups, play dates, and birthday parties with their friends in Singapore.  Singapore is their home.

28.     Petitioner has rights of custody to the Children in Singapore pursuant to the Singapore Custody Order granting the parties joint custody.  Petitioner had those same rights of custody on the date Respondent wrongfully removed the Children from their habitual residence of Singapore on May 19, 2021.

## IV.  Wrongful Removal and Retention of Child by Respondent: Claim for Relief Under the Hague Convention

29.     A removal or retention of a child is wrongful under Article 3 of the Hague Convention if: (a) the removal of retention is in breach of custody rights attributed to a person, institution, or other body, either jointly or alone, under the law of the state in which the child was habitually resident immediately before the removal or retention; and (b) at the time of the removal or retention, those custody rights were actually exercised, or would have been exercised, but for the removal or retention of the child. *See* Hague Convention, Arts. 3 and 5.

30.     The Children's country of "habitual residence", as defined in Article 3 of the Hague Convention, is Singapore, which is where the Children habitually resided prior to the wrongful removal the United States on or about May 19, 2021.

31.     Petitioner has rights of custody of the Children within the meaning of Articles 3 and 5 of the Convention.

32.     "Custody rights" under the Hague Convention are defined to include "rights relating to the care of the person of the child, and in particular, the right to determine the child's place of residence." See Hague Convention, Art. 5(a).

33.     "Custody rights" "may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State." See Hague Convention, Art. 3.

34.     At the time of Respondent's wrongful removal of the Children from Singapore, the Petitioner had and continues to have rights of custody pursuant to the Singapore Custody Order such that the removal of the Children from Singapore is in violation of Singaporean law and is a wrongful retention within the meaning of Articles 3 and 5 of the Hague Convention.

35.     At the time of the Respondent's wrongful removal and retention of the Children, the Petitioner was actually exercising custody rights within the meaning of Articles Three and Five of the Convention, in that he is the father of the Children and has exercised custody rights over the Children since they were born.

36.     R.C. was born on June 14, 2008 and will be sixteen (16) years of age on June 14, 2024. At the time immediately before the wrongful removal of the Child from Singapore, the Child habitually resided in Singapore within the meaning of Article 3 of the Convention.

37.     C.C. was born on January 10, 2010 and will be sixteen (16) years of age on January 10, 2026. At the time immediately before the wrongful removal of the Child from Singapore, the Child habitually resided in Singapore within the meaning of Article 3 of the Convention.

38.     The details regarding the residences of the minor Children for the last five years are as follows:

| Dates | Address | With Whom |
|---|---|---|
| 07/01/2016 - Present | Frasier Suites 491A River Valley Road Singapore 248372 | Respondent |
| 07/01/2016 07/06/2017 | 53B Grange Road Apartment 12-02 Singapore 249567 | Petitioner |
| 07/06/2017 - Present | 53A Grange Road Apartment 04-03 Singapore 249566 | Petitioner |

39.     Petitioner does not know of any person or institution not a party to the proceedings who has physical custody of the child or claims to have rights of parental responsibilities or legal custody or physical custody of, or visitation or parenting time with the child.

40.     Following the abduction by the Respondent from Singapore to the United States, the Children are currently being wrongfully retained by the Respondent in the Eastern District of Missouri. Upon information and belief, Respondent is keeping the Children at 859 Holly ridge Drive, Ballwin, Missouri 63011. As a result of the wrongful retention, Petitioner has been deprived of his periods of physical custody beginning on May 20, 2021.

41.     The Children are now thirteen (13) and eleven (11) years old. The Hague Convention applies to children under sixteen (16) years of age and thus applies to these Children. Petitioner has never consented or acquiesced to Respondent's wrongful removal and/or retention of the Children.

42.     Petitioner invokes Article 18 of the Convention, which grants this Court plenary power to order the Children's return at any time.

43.     In accordance with the Article 18 equitable return factors set forth in Justice Alito's concurring opinion in *Lozano v. Montoya Alvarez*, 134 S.Ct. 1224 (2014), the Father requests that this Court exercise its equitable discretion to return the children to Singapore under Article 18 even if the Mother establishes one of the Convention's five narrow discretionary exceptions to return under the Convention.

44.     The Children have an interest in returning to Singapore, their country of habitual residence.  The Children have a strong need for regular contact with the Father, who was exercising rights of custody at the time the Children were removed from Singapore.  The mother is preventing substantial contact between the Children and the Father.

45.     The Father has an interest in exercising his Singaporean rights of custody in Singapore, which he was doing at the time the Mother removed the Children from Singapore to the United States.

46.     The Governments of Singapore and the United States both have an interest in discouraging inequitable conduct and deterring international child abductions.

## V. Provisional Remedies

47.     The Father requests that the Court issue a Show Cause Order forthwith ordering the appearance of the Mother and Children before this Court on the first available date on the Court's calendar, and immediately take into safe-keeping all of the Children's passports.

48.     The Father further requests that this Court order, as a part of the Show Cause Order, a provision prohibiting either party from removing the Children from the jurisdiction of this Court during the pendency of the proceedings in this Court and thereafter issuing a Scheduling Order setting an expedited hearing on the Verified Petition for Return of Children to Singapore.

## VI. Attorney's Fees and Costs

49.     To date, Petitioner has incurred attorneys' fees and costs as a result of the wrongful retention of the Children by Respondent.

50.     Petitioner respectfully requests that this Court award him all costs and fees, including transportation costs, incurred to date as required by 22 U.S.C. § 9007.

51.     Petitioner will submit a copy of all expenditures as soon as practicable and possible and will amend these costs, from time to time, according to proof and in light of further expenditure required because of this wrongful removal and retention.

## VII. Notice of Hearing

52.     Pursuant to 22 U.S.C. § 9003(c), Respondent will be given notice of any hearing pursuant to the Missouri Rules of Civil Procedure and any other applicable law.

## VIII. Relief Requested

**WHERETOFORE**, it is respectfully requested that the following relief be granted:

a.  Set an expedited hearing on the petition and communicate that hearing date and time to petitioner so that petitioner may provide notice of these proceedings and the hearing pursuant to ICARA Section 9003(c).

b.  Issue an immediate order that respondent surrender any and all of her passports and all of the passports of the child.

c.  Issue an order following the hearing, directing that the Children shall be returned to their Habitual Residence of Singapore, pursuant to Article 12 of the Convention.

d.  Enter an order prohibiting the removal of the child from the jurisdiction of this Court pending a hearing on the merits of the Verified Complaint, and further providing that no person acting in concert or participating with Respondent shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of this case;

e.  Issue an order directing Respondent to pay Petitioner for all costs and fees incurred to date by reason of the child's wrongful removal and retention pursuant to 22 U.S.C. § 9007; and

f.  Any such further relief as justice and its cause may require.

9

## VI. Attorney's Fees and Costs

49.     To date, Petitioner has incurred attorneys' fees and costs as a result of the wrongful retention of the Children by Respondent.

50.     Petitioner respectfully requests that this Court award her all costs and fees, including transportation costs, incurred to date as required by 22 U.S.C. § 9007.

51.     Petitioner will submit a copy of all expenditures as soon as practicable and possible and will amend these costs, from time to time, according to proof and in light of further expenditure required because of this wrongful removal and retention.

## VII. Notice of Hearing

52.     Pursuant to 22 U.S.C. § 9003(c), Respondent will be given notice of any hearing pursuant to the Missouri Rules of Civil Procedure and any other applicable law.

## VIII. Relief Requested

**WHERETOFORE**, it is respectfully requested that the following relief be granted:

a.  Set an expedited hearing on the petition and communicate that hearing date and time to petitioner so that petitioner may provide notice of these proceedings and the hearing pursuant to ICARA Section 9003(c).

b.  Issue an immediate order that respondent surrender any and all of her passports and all of the passports of the child.

c.  Issue an order following the hearing, directing that the Children shall be returned to their Habitual Residence of Singapore, pursuant to Article 12 of the Convention.

d.  Enter an order prohibiting the removal of the child from the jurisdiction of this Court pending a hearing on the merits of the Verified Complaint, and further providing that no person acting in concert or participating with Respondent shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of this case;

e.  Issue an order directing Respondent to pay Petitioner for all costs and fees incurred to date by reason of the child's wrongful removal and retention pursuant to 22 U.S.C. § 9007; and

f.  Any such further relief as justice and its cause may require.

9

Respectfully submitted,

By: /s/Jonathan D. Marks

Jonathan D. Marks     MBN 47886
The Marks Law Firm, L.L.C.
4 CityPlace Drive, Suite 497
Creve Coeur, Missouri 63141
(314) 993-6300 (t)
(314) 993-6301 (f)
jdm@themarkslawfirm.com


By: /s/Richard Min

Richard Min          NYS 4580858
Burger Green & Min LLP
420 Lexington Avenue, Suite 2834
New York, NY 10170
(212) 681-6400 (t)
(212) 681-6999 (f)
rmin@bhmlaw-nyc.com


*ATTORNEYS FOR PETITIONER*


**VERIFICATION**


I, Rahul Bhattacharjee, solemnly declare and affirm under the penalties of perjury and the laws

of the United States of America, that I am the petitioner in the within action and have read the foregoing

Petition and know the contents of the foregoing Petition are true, to the best of my knowledge, except

as to those matters alleged upon information and belief.

Dated: July 8th, 2021

_____
Rahul Bhattacharjee